JAMES B. SHAPLEIGH *versus* GEORGE ABBOTT & *al.*

A verdict in favor of one of two defendants, and silent as to the other, may be received and affirmed; and this in assumpsit as well as in tort.

Whether a note has been altered or not, after it has passed out of the hands of the promisor, is a question for the jury.

ON MOTION FOR A NEW TRIAL, from *Nisi Prius*, WELLS, J., presiding.

This was an action of assumpsit on a negotiable promissory note, purporting to be given by defendants Abbott and Frederick B. Fernald to Charles O. Lord, and by him indorsed over to the plaintiff. The defendants severally pleaded the general issue. The verdict was in favor of one of the defendants, Fernald, and silent as to the other. After the rendition of the verdict, the plaintiff moved that it be set aside and a new trial granted, for the following reasons:

1. Because the verdict is against evidence and the weight of evidence, and against law, and the ruling and directions of the Court upon the law applicable to the case.

2. Because the action was brought against said Fernald and Abbott, who each pleaded, that he never promised as alleged in the writ, and issue was joined by the plaintiff upon said pleas, and the action submitted to the jury; but the jury have only found, that said Fernald never promised as alleged, and have not found upon the issue tendered by said Abbott,

nor does it appear by their verdict, that they acted upon or considered the same.

*N. D. Appleton* and *A. Low,* for the plaintiff, contended as matter of law,—1. That a new trial should be granted in this case because the verdict, (if it may be called a verdict,) was void, the jury having found only part of the issue. A verdict is insufficient for the whole, if it finds only part of the issue and says nothing as to the residue. 5 Com. Dig. Pl. § 19; 2 Cro. 627; 2 Ral. 722, l. 5 and 35.

2. The jury in this case find that the defendant, Frederick B. Fernald, never promised, &c., but they are silent in their verdict in relation to George Abbott. Therefore, we contend the verdict is imperfect, and finds only part of the issue before them, and is incomplete, and was not entitled to be received. *Thatcher* v. *Jones,* 31 Maine, 528; *Lanesboro'* v. *County Commissioners of Berkshire,* 22 Pick. 281, 282; *Anthony* v *same,* 14 Pick. 189; *Ward* v. *Taylor,* 1 Penn. 238; *French* v. *Hanchett,* 12 Pick. 15; *Bay & Livingston* v. *Gunn,* 1 Denio, 108; *Milne* v. *Huber,* 3 McLean, 212; *Patterson* v. *United States,* 2 Wheat. 221; *Bicknell* v. *Dorion,* 16 Pick. 478.

*John H. Goodenow* and *J. S. Kimball,* for Fernald.

The defence, as to Fernald, was, that the note was given to compound a felony; that it was signed by Fernald to be used for that purpose, and no other, and the plaintiff had knowledge of that fact, or purchased it after it was overdue and dishonored, or that he is only a nominal party, and that the note had been materially altered since it was given, without the consent of Fernald.

It was the plaintiff's own fault if he did not have a verdict against Abbott. He did not ask for it. No point was made for Abbott by his counsel, and no argument had for him. As counsel for Fernald, we did not wish to burthen his defence, by taking upon us the defence of Abbott.

The defendants pleaded severally and by different counsel. No questions were asked, or evidence introduced or discussions had at the trial in defence of Abbott, or on his account.

Shapleigh *v.* Abbott.

In regard to the effect of the alteration and illegal consideration of a note, the defendant's counsel cited *Porter* v. *Rumerey,* 10 Mass. 64; *Daimouth* v. *Bennett,* 15 Barb. S. C. 541; Story on Contracts, 489, 490, 569, 545; Chitty on Contracts, 470, 582; Douglass, 696; Cowper, 790; *Swan* v. *Chandler,* 9 B. Munroe, 97; *Kingsbury* v. *Ellis,* 4 Cush. 578; *Unger* v. *Boas,* 13 Penn. (1 Harris,) 601; *Gardiner* v. *Maxey,* 9 B. Munroe, 90. Also see *Plummer* v. *Smith,* 5 N. H. 553; *Noyes* v. *Day,* 4 Verm. 384; 14 Maine, 225, 284 and 457; 16 Maine, 453; 5 Munroe, 25.

TENNEY, C. J.—The action is assumpsit against the defendants as makers of a promissory note. They severally pleaded the general issue, and filed a brief statement, alleging that the note had been materially altered after it was signed, and without the consent of the makers. The jury found, that one of the makers did not promise, &c., and no verdict was returned for or against the other. The plaintiff filed his motion to set aside the verdict, on the ground that it was incomplete; and also on the further ground that it was against the evidence of the case.

In the case of *Thatcher* v. *Jones & al.,* 31 Maine, 528, a verdict was returned in favor of one of the defendants only, the jury being unable to agree as to the guilt of the other. The verdict returned was received and affirmed, to which exceptions were taken. That case differs from this only in being an action of tort. No good reasons are perceived for a distinction on this account. The exceptions were overruled in that case, the Court having cited, in support of the result to which they came, analagous cases in actions of assumpsit as well as of tort.

It is a familiar principle, that generally, in actions in form *ex contractu* against two or more defendants, to entitle the plaintiff to judgment, the verdict must be against all. 1 Chit. Pl. 31–33.

A verdict was rendered for the defendant Fernald, upon a full hearing of the evidence. This was decisive of the rights

Shapleigh *v.* Abbott.

of the parties in this action, as a verdict could not have been returned against the other defendant, and have been effectual; and Fernald cannot with propriety be subjected to the risk and expense of another trial, on account of the informality of the verdict, or the failure of the jury to agree as to the defendant Abbot.

Whether the note had been altered or not, was a question for the jury. The note was presented and much evidence adduced on one side and the other, as to the condition in which it was, soon after it was signed, and at the time of the trial. Some light might be expected to be thrown upon the question by an inspection of the note itself; and herein the Court might entertain a different opinion from that of the jury, but of this the latter were the judges in connection with the other evidence; and it is not a case, where the verdict can be disturbed. *Motion overruled —*

*Judgment on the verdict.*

RICE, CUTTING and HATHAWAY, J. J., concurred.